FILED

FEB 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLAS CELESTINO ORELLANA-BELTRANENA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72126<br><br>Agency No. A099-482-656<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Nicolas Celestino Orellana-Beltranena, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Orellana-Beltranena failed to establish the threats and extortion demands he experienced in El Salvador rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (threats did not compel finding of past persecution where the petitioner never had a personal confrontation with the people threatening him). Substantial evidence also supports the BIA's determination that Orellana-Beltranena failed to establish an objectively reasonable well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). The record does not support Orellana-Beltranena's contention that the BIA failed to fully articulate its reasons. Thus, Orellana-Beltranena's asylum claim fails.

Because Orellana-Beltranena did not meet the lower burden of proof for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

11-72126

Finally, substantial evidence also supports the BIA's denial of CAT relief because Orellana-Beltranena failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**